TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA*
*Collective Class, and potential Rule 23 Class*
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel:    (718) 762-1324

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Case No: 17-cv-3795**

-------------------------------------------------------------x

TARSEM SINGH;
HARPREET SINGH;
JAGIR SINGH;
JAGJIT SINGH;
GURDEV SINGH; and
GURPREET SINGH;
*on behalf of themselves and others similarly situated*
                                                                Plaintiffs,

v.

BEST NY CONTRACTING, INC.
        d/b/a Best NY Restoration;
ASLAM CHOUDERY,
TANVIR ASIF, and
QZAI ASIF
                                                Defendants

-------------------------------------------------------------x

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**F.R.C.P. 23 CLASS**
**ACTION**

**COMPLAINT**

        Plaintiffs TARSEM SINGH; HARPREET SINGH; JAGIR SINGH; JAGJIT

SINGH; GURDEV SINGH; and GURPREET SINGH; (hereinafter referred to as

"Plaintiffs"), on behalf of themselves and others similarly situated, by and through their

attorney, Troy Law, PLLC, hereby bring this complaint against Defendants BEST NY

CONTRACTING, INC. a/k/a Best NY Restoration; ASLAM CHOUDERY, TANVIR

ASIF, and QZAI ASIF (hereinafter referred to as "Defendants").

# INTRODUCTION

1. This action is brought by Plaintiffs, on behalf of themselves as well as other similarly situated employees against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New York Labor Law (NYLL), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime wage compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

3. Plaintiffs further allege pursuant to New York Labor Law § 650 *et seq.*, New York Labor Law § 198-b, and 12 New York Codes, Rules and Regulations § 142 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime wage compensation, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL §§190 *et seq.*, §§650 *et*

*seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees and costs.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. This Court has jurisdiction over state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7. Plaintiff TARSEM SINGH was employed by Defendants at 701 Ridge Hill Blvd, Yonkers, New York, 10710.

8. Plaintiff HARPREET SINGH was employed by Defendants at 701 Ridge Hill Blvd, Yonkers, New York, 10710.

9. Plaintiff JAGIR SINGH was employed by Defendants at 701 Ridge Hill Blvd, Yonkers, New York, 10710.

10. Plaintiff JAGJIT SINGH was employed by Defendants at 701 Ridge Hill Blvd, Yonkers, New York, 10710.

11. Plaintiff GURDEV SINGH was employed by Defendants at 701 Ridge Hill Blvd,

Yonkers, New York, 10710.

12. Plaintiff GURPREET SINGH was employed by Defendants at 701 Ridge Hill Blvd, Yonkers, New York, 10710.

**DEFENDANTS**

*Corporate Defendants*

13. Corporate Defendant BEST NY CONTRACTING, INC. a/k/a Best NY Restoration is a domestic business corporation organized under the laws of the State of New York with a principal address at 701 Ridge Hill Blvd, Yonkers, New York, 10710.

14. BEST NY CONTRACTING, INC. a/k/a Best NY Restoration is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

15. BEST NY CONTRACTING, INC. a/k/a Best NY Restoration purchased and handled goods moved in interstate commerce.

*Owner/ Operator Defendants*

16. The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendants BEST NY CONTRACTING, INC. a/k/a Best NY Restoration, who, as one of the ten largest shareholders, are individually responsible for unpaid wages under the New York Business Corporation Law.

17. Owner/ Operator Defendant ASLAM CHOUDERY (1) had the power to hire and fire BEST NY CONTRACTING, INC. a/k/a Best NY Restoration employees, including Plaintiffs, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment of

employees, and (4) maintained employee records.

18. ASLAM CHOUDERY was involved in the day-to-day operations of the construction/ demolition company, as the BEST NY CONTRACTING, INC. a/k/a Best NY Restoration employees.

19. ASLAM CHOUDERY acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, and is jointly and severally liable with BEST NY CONTRACTING, INC. a/k/a Best NY Restoration.

20. Owner/ Operator Defendant QZAI ASIF (1) had the power to hire and fire BEST NY CONTRACTING, INC. a/k/a Best NY Restoration employees, including Plaintiffs, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment of employees, and (4) maintained employee records.

21. QZAI ASIF was involved in the day-to-day operations of the construction/ demolition company, as the BEST NY CONTRACTING, INC. a/k/a Best NY Restoration employees.

22. QZAI ASIF acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, and is jointly and severally liable with BEST NY CONTRACTING, INC. a/k/a Best NY Restoration.

23. Owner/ Operator Defendant TANVIR ASIF (1) had the power to hire and fire BEST NY CONTRACTING, INC. a/k/a Best NY Restoration employees, including Plaintiffs, (2) supervised and controlled employee work schedules or conditions of

employment, (3) determined the rate and method of payment of employees, and (4) maintained employee records.

24. TANVIR ASIF was involved in the day-to-day operations of the construction/ demolition company, as the BEST NY CONTRACTING, INC. a/k/a Best NY Restoration employees.

25. TANVIR ASIF acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, and is jointly and severally liable with BEST NY CONTRACTING, INC. a/k/a Best NY Restoration.

## STATEMENT OF FACTS

26. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

27. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees at least the New York minimum wage for each hour worked.

28. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs his lawful overtime compensation of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

29. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

30. Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

31. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any

notice of their use credits claimed against the minimum wage.

32.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystubs that listed employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

33.     Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, credits claimed against the minimum wage, and pay day.


*Plaintiff TARSEM SINGH*

34.     From on or about May 9, 2016 until on or about July 31, 2016, Plaintiff TARSEM SINGH was employed by Defendants to work as a construction/ demolition worker by BEST NY CONTRACTING, INC. a/k/a Best NY Restoration located at 701 Ridge Hill Blvd, Yonkers, New York, 10710.

35.     At all relevant times,  TARSEM SINGH job responsibilities included pointing in brickwork construction, drilling, steel work and plastering.

36.     TARSEM SINGH reported to TANVIR ASIF, his direct supervisor.

37.     Plaintiff TARSEM SINGH regularly handled goods produced in interstate commerce, such as wall tapering tools, sandpaper, and other tools produced outside the state of New York.

38.     At all relevant times, Plaintiff TARSEM SINGH worked from:

    a.   08:00 to 16:30 for eight and a half (8.5) hours each day on Mondays

through Fridays for five (5) days and forty-two and a half (42.5) hours a week;

    b.   08:00 to 16:30 for eight and a half (8.5) hours on some Saturdays.

39. At all relevant times, Plaintiff TARSEM SINGH was promised a pay of one thousand two hundred fifty dollars ($1,250) a week, and one thousand five hundred dollars ($1,500) on weeks he worked six days.

40. However, Defendant regularly failed to pay the Plaintiff's weekly wage.

41. TARSEM SINGH was required to pick up his wages from Defendant TANVIR ASIF. The personal check received by TARSEM SINGH was to be divided between him and five other plaintiffs.

42. At all relevant times, TARSEM SINGH's weekly paychecks included a false calculation of the hours worked and the personal checks meant to compensate TARSEM SINGH and five other plaintiffs for the hours they worked over (40) hours each week were always missing hours.

43. At all relevant times, Plaintiff TARSEM SINGH was not given any fixed break.

44. At all relevant times, Defendants knowingly and willfully failed to pay TARSEM SINGH his lawful overtime compensation of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

45. While employed by Defendants, Plaintiff TARSEM SINGH was not exempt under federal and state laws requiring employers to pay employees overtime.

*Plaintiff HARPREET SINGH*

46. From on or about May 9, 2016 until on or about July 31, 2016, Plaintiff HARPREET SINGH was employed by Defendants to work as a construction/ demolition worker

by BEST NY CONTRACTING, INC. a/k/a Best NY Restoration located at 701

Ridge Hill Blvd, Yonkers, New York, 10710.

47. At all relevant times, HARPREET SINGH job responsibilities included pointing in

brickwork construction, drilling, steel work and plastering.

48. HARPREET SINGH reported to TANVIR ASIF, his direct supervisor.

49. Plaintiff HARPREET SINGH regularly handled goods produced in interstate

commerce, such as wall tapering tools, sandpaper, and other tools produced outside

the state of New York.

50. At all relevant times, Plaintiff HARPREET SINGH worked from:

    a. 08:00 to 16:30 for eight and a half (8.5) hours each day on Mondays

        through Fridays for five (5) days and forty-two and a half (42.5) hours a

        week;

    b. 08:00 to 16:30 for eight and a half (8.5) hours on some Saturdays.

51. At all relevant times, Plaintiff HARPREET SINGH was promised a pay of one

thousand two hundred fifty dollars ($1,250) a week, and one thousand five hundred

dollars ($1,500) on weeks he work six days.

52. However, Defendant regularly failed to pay the Plaintiff's weekly wage.

53. Throughout the Harpreet Employment Period, HARPREET SINGH complained

to ASLAM CHOUDERY and TANVIR ASIF on an almost weekly basis about

not receiving wages for all the hours he worked. Defendants ignored

Harpreet's complaints.

54. At all relevant times, HARPREET SINGH's weekly paychecks included a false

calculation of the hours worked and the personal checks meant to compensate

HARPREET SINGH and five other plaintiffs for the hours they worked over (40) hours each week were always missing hours.

55. At all relevant times, Plaintiff HARPREET SINGH was not given any fixed break.

56. At all relevant times, Defendants knowingly and willfully failed to pay HARPREET SINGH his lawful overtime compensation of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

57. While employed by Defendants, Plaintiff HARPREET SINGH was not exempt under federal and state laws requiring employers to pay employees overtime.

### Plaintiff JAGIR SINGH

58. From on or about May 9, 2016 until on or about July 31, 2016, Plaintiff JAGIR SINGH was employed by Defendants to work as a construction/ demolition worker by BEST NY CONTRACTING, INC. a/k/a Best NY Restoration located at 701 Ridge Hill Blvd, Yonkers, New York, 10710.

59. At all relevant times, JAGIR SINGH job responsibilities included pointing in brickwork construction, and plastering.

60. JAGIR SINGH reported to TANVIR ASIF, his direct supervisor.

61. Plaintiff JAGIR SINGH regularly handled goods produced in interstate commerce, such as wall tapering tools, sandpaper, and other tools produced outside the state of New York.

62. At all relevant times, Plaintiff JAGIR SINGH worked from:

    a. 08:00 to 16:30 for eight and a half (8.5) hours each day on Mondays through Fridays for five (5) days and forty-two and a half (42.5) hours a week;

b.   08:00 to 16:30 for eight and a half (8.5) hours on some Saturdays.

63. At all relevant times, Plaintiff JAGIR SINGH was promised a pay of one thousand dollars ($1,000) a week, and one thousand two hundred dollars ($1,200) on weeks he work six days.

64. However, Defendant regularly failed to pay the Plaintiff's weekly wage.

65. Throughout the Jagir Employment Period, JAGIR SINGH complained to ASLAM CHOUDERY and TANVIR ASIF on an almost weekly basis about not receiving wages for all the hours he worked. Defendants ignored Jagir's complaints.

66. At all relevant times, JAGIR SINGH's weekly paychecks included a false calculation of the hours worked and the personal checks meant to compensate JAGIR SINGH and five other plaintiffs for the hours they worked over (40) hours each week were always missing hours.

67. At all relevant times, Plaintiff JAGIR SINGH was not given any fixed break.

68. At all relevant times, Defendants knowingly and willfully failed to pay JAGIR SINGH his lawful overtime compensation of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

69. While employed by Defendants, Plaintiff JAGIR SINGH was not exempt under federal and state laws requiring employers to pay employees overtime.

*Plaintiff JAGIT SINGH*

70. From on or about May 9, 2016 until on or about July 31, 2016, Plaintiff JAGIT SINGH was employed by Defendants to work as a construction/ demolition worker by BEST NY CONTRACTING, INC. a/k/a Best NY Restoration located at 701 Ridge Hill Blvd, Yonkers, New York, 10710.

71. Plaintiff JAGIT SINGH regularly handled goods produced in interstate commerce, such as wall tapering tools, sandpaper, and other tools produced outside the state of New York.

72. At all relevant times, JAGIT SINGH job responsibilities included pointing in brickwork construction, and plastering.

73. JAGIT SINGH reported to TANVIR ASIF, his direct supervisor.

74. At all relevant times, Plaintiff JAGIT SINGH worked from:

    a. 08:00 to 16:30 for eight and a half (8.5) hours each day on Mondays through Fridays for five (5) days and forty-two and a half (42.5) hours a week;

    b. 08:00 to 16:30 for eight and a half (8.5) hours on some Saturdays.

75. At all relevant times, Plaintiff JAGIT SINGH was promised a pay of one thousand two hundred fifty dollars ($1,250) a week, and one thousand five hundred dollars ($1,500) on weeks he work six days.

76. However, Defendant regularly failed to pay the Plaintiff's weekly wage.

77. Throughout the Jagit Employment Period, JAGIT SINGH complained to ASLAM CHOUDERY and TANVIR ASIF on an almost weekly basis about not receiving wages for all the hours he worked. Defendants ignored Harpreet's complaints.

78. At all relevant times, JAGIT SINGH's weekly paychecks included a false calculation of the hours worked and the personal checks meant to compensate JAGIT SINGH and five other plaintiffs for the hours they worked over (40) hours each week were always missing hours.

79. At all relevant times, Plaintiff JAGIT SINGH was not given any fixed break.

80. At all relevant times, Defendants knowingly and willfully failed to pay JAGIT SINGH his lawful overtime compensation of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

81. While employed by Defendants, Plaintiff JAGIT SINGH was not exempt under federal and state laws requiring employers to pay employees overtime.

### Plaintiff GURDEV SINGH

82. From on or about May 9, 2016 until on or about July 31, 2016, Plaintiff GURDEV SINGH was employed by Defendants to work as a construction/ demolition worker by BEST NY CONTRACTING, INC. a/k/a Best NY Restoration located at 701 Ridge Hill Blvd, Yonkers, New York, 10710.

83. At all relevant times,  GURDEV SINGH job responsibilities included pointing in brickwork construction, and plastering.

84. GURDEV SINGH reported to TANVIR ASIF, his direct supervisor.

85. Plaintiff GURDEV SINGH regularly handled goods produced in interstate commerce, such as wall tapering tools, sandpaper, and other tools produced outside the state of New York.

86. At all relevant times, Plaintiff GURDEV SINGH worked from:

    a.  08:00 to 16:30 for eight and a half (8.5) hours each day on Mondays through Fridays for five (5) days and forty-two and a half (42.5) hours a week;

    b.  08:00 to 16:30 for eight and a half (8.5) hours on some Saturdays.

87. At all relevant times, Plaintiff GURDEV SINGH was promised a pay of one thousand dollars ($1,000) a week, and one thousand two hundred dollars ($1,200) on

weeks he work six days.

88. However, Defendant regularly failed to pay the Plaintiff's weekly wage.

89. Throughout the Gurdev Employment Period, **GURDEV SINGH** complained to ASLAM CHOUDERY and TANVIR ASIF on an almost weekly basis about not receiving wages for all the hours he worked. **Defendants ignored Harpreet's complaints.**

90. At all relevant times, **GURDEV SINGH**'s weekly paychecks included a false calculation of the hours worked and the personal checks meant to compensate **GURDEV SINGH** and five other plaintiffs for the hours they worked over (40) hours each week were always missing hours.

91. At all relevant times, Plaintiff GURDEV SINGH was not given any fixed break.

92. At all relevant times, Defendants knowingly and willfully failed to pay **GURDEV SINGH** his lawful overtime compensation of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

93. While employed by Defendants, Plaintiff GURDEV SINGH was not exempt under federal and state laws requiring employers to pay employees overtime.

*Plaintiff GURPREET SINGH*

94. From on or about May 9, 2016 until on or about July 31, 2016, Plaintiff GURPREET SINGH was employed by Defendants to work as a construction/ demolition worker by BEST NY CONTRACTING, INC. a/k/a Best NY Restoration located at 701 Ridge Hill Blvd, Yonkers, New York, 10710.

95. At all relevant times, GURPREET SINGH job responsibilities included pointing in brickwork construction, and plastering.

96. GURPREET SINGH reported to TANVIR ASIF, his direct supervisor.

97. Plaintiff GURPREET SINGH regularly handled goods produced in interstate commerce, such as wall tapering tools, sandpaper, and other tools produced outside the state of New York.

98. At all relevant times, Plaintiff GURPREET SINGH worked from:

    a. 08:00 to 16:30 for eight and a half (8.5) hours each day on Mondays through Fridays for five (5) days and forty two and a half (42.5) hours a week;

    b. 08:00 to 16:30 for eight and a half (8.5) hours on some Saturdays.

99. At all relevant times, Plaintiff GURPREET SINGH was promised a pay of one thousand two hundred fifty dollars ($1,250) a week, and one thousand five hundred dollars ($1,500) on weeks he work six days.

100. However, Defendant regularly failed to pay the Plaintiff's weekly wage.

101. Throughout the Gurpreet Employment Period, **GURPREET SINGH** complained to ASLAM CHOUDERY and TANVIR ASIFon an almost weekly basis about not receiving wages for all the hours he worked. **Defendants ignored Harpreet's complaints**.

102. At all relevant times, GURPREET SINGH's weekly paychecks included a false calculation of the hours worked and the personal checks meant to compensate **GURPREET SINGH** and five other plaintiffs for the hours they worked over (40) hours each week were always missing hours.

103. At all relevant times, Plaintiff GURPREET SINGH was not given any fixed break.

104. At all relevant times, Defendants knowingly and willfully failed to pay GURPREET SINGH his lawful overtime compensation of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

105. While employed by Defendants, Plaintiff GURPREET SINGH was not exempt under federal and state laws requiring employers to pay employees overtime.

## COLLECTIVE ACTION ALLEGATIONS

106. Plaintiffs bring this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

107. Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

108. All said persons, including Plaintiffs, are referred to herein as the "Class."

109. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned

and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

### Numerosity

110.   The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

### Commonality

111.   There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a.   Whether Defendant employed Plaintiffs and the Class within the meaning of the New York law;

    b.   Whether Plaintiffs and Class members are paid at least the minimum wage for each hour worked under the New York Labor Law;

    c.   Whether Plaintiffs and Class members are entitled to and paid overtime under the New York Labor Law;

    d.   Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

e.   Whether Defendants maintained policy, pattern and/or practice of failing to provide requisite statutory meal periods;

f.   Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or or timely thereafter;

g.   Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each payday; and

h.   At what common rate, or rates subject to common method of calculation was and is Defendants required to pay Plaintiffs and the Class members for their work.

### *Typicality*

112.   Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage compensation and/or overtime compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

### *Adequacy*

113. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent representing Plaintiffs in both class action and wage and hour employment litigation cases.

### Superiority

114. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights

and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

115. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act—Minimum Wage Brought on behalf of the Plaintiff and the FLSA Collective]

116. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

117. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the similarly situated collective action members, for some or all of the hours they worked.

118. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

119. Defendants knowingly and willfully disregarded the provisions of the FLSA as

evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### [Violation of New York Labor Law—Minimum Wage Brought on Behalf of Plaintiff and Potential Rule 23 Class]

120.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

121.   At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

122.   At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

123.   Defendants knowingly and willfully violated Plaintiffs' and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

124.   An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

**COUNT III.**
**[Violations of the Fair Labor Standards Act—Overtime Wage**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

125.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

126.   The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

127.   The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

128.   Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

129.   At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

130.   The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29

C.F.R. §516.4.

131.  Defendants willfully failed to notify Plaintiffs and FLSA Collective of the

requirements of the employment laws in order to facilitate their exploitation of

Plaintiffs' and FLSA Collectives' labor.

132.  Defendants knowingly and willfully disregarded the provisions of the FLSA as

evidenced by their failure to compensate Plaintiffs and Collective Class Members

the statutory overtime rate of time and one half for all hours worked in excess of

forty (40) per week when they knew or should have known such was due and that

failing to do so would financially injure Plaintiffs and Collective Action members.


**COUNT IV.**
**[Violation of New York Labor Law—Overtime Pay**
**Brought on behalf of Plaintiff and Potential Rule 23 Class]**

133.  Plaintiffs re-allege and incorporate by reference all preceding paragraphs as

though fully set forth herein.

134.  An employer who fails to pay the minimum wage shall be liable, in addition to the

amount of any underpayments, for liquidated damages equal to twenty five percent

(25%) before April 9, 2011 and one hundred percent (100%) under NY Wage Theft

Prevention Act, and interest.

135.  At all relevant times, Defendants had a policy and practice of refusing to pay the

overtime compensation to Plaintiffs at one and one half times the hourly rate the

Plaintiffs and the class are entitled to.

136.  Defendant' failure to pay Plaintiffs their overtime pay violated the NYLL.

137.  Defendants' failure to pay Plaintiffs were not in good faith.

## COUNT V.
### [Violation of New York Labor Law—Spread of Time Pay Brought on behalf of Plaintiff and Potential Rule 23 Class]

138.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

139.   The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, *et seq.*, and §§650, *et seq.*, and New York State Department of Labor regulations §142-2.18.

140.   Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

## COUNT VI.
### [Breach of Implied Contract for Reimbursement of all Costs and Expenses of Tools]

141.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

142.   Throughout the relevant period, Defendants required their construction workers to bear all of the "out-of-pocket" costs associated with the construction and demolition of buildings in Manhattan.

143.   Based on their personal experience and available information, Plaintiffs can document actual "out-of-pocket" costs made under employment under Defendants.

144.   Plaintiffs maintained and repaired their equipment for brickwork construction, drilling, steel work and plastering at their own expense.

145.   Plaintiffs performed the demolition/ construction for the sole benefit of the Defendants.

146.   As a result of the afore-alleged conduct of the parties, an implied contract arose

between them the terms of which are that Plaintiffs would incur the expenses for construction/ demolition, in exchange for compensation from Defendants for such expenses.

147.   Defendants have not fully compensated Plaintiffs for expenses incurred from their construction/ demolition work.  As a result, Defendants breached the implied contract by failing and refusing to pay Plaintiffs a reasonable sum under the afore-alleged facts.

148.   Defendants owe Plaintiffs their overdue costs incurred from their work for Defendants.

**COUNT VII.**
**[Violation of New York Labor Law—Failure to Provide Meal Periods**
**Brought on behalf of Plaintiff and Potential Rule 23 Class]**

149.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

150.   The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p m. and 6 a.m. NYLL§ 162.

151.   Defendants failed to provide meal periods required by NYLL §162 for every day that Plaintiffs work or worked.

152. Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

153. Defendants' failure to provide the meal periods required by NYLL §162 was not in good faith.


## COUNT VIII.
### [Violation of New York Labor Law—Record-Keeping Requirements Brought on behalf of Plaintiff and Potential Rule 23 Class]

154. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

155. Defendants did not maintain, establish and preserve Plaintiffs' weekly payroll records for a period of not less than six years, as required by NYRR § 146-2.1.

156. As a result of Defendants' unlawful conduct, Plaintiffs have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

157. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs in order to facilitate their exploitation of Plaintiffs' labor.

158. Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

**COUNT IX.**
**[Violation of New York Labor Law—Time of Hire Wage Notice Requirement**
**Brought on behalf of Plaintiff and Potential Rule 23 Class]**

159.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

160.   The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

161.   Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

162.   Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiffs even after the fact.

163.   Due to Defendants' violations of New York Labor Law, Plaintiff are entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT X.
### [Violation of New York Labor Law—New York Pay Stub Requirement Brought on behalf of Plaintiff and Potential Rule 23 Class]

164.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

165.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

166.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiff' payday.

167.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).


## COUNT XI.
### [Civil damages for fraudulent filing of IRS returns. Violations of 26 USC §7434 Brought on behalf of the Plaintiff]

168.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

169.    26 USC §7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

170.    Due to Defendants' violations of 26 USC §7434, Plaintiffs are entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the

Plaintiffs as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

### COUNT XII.
### [Civil damages for Deceptive Acts and Practices. Violations of New York General Business Law §349
### Brought on behalf of the Plaintiff]

171.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

172.    New York General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

173.    Due to Defendants' violations of New York GBS Law §349, Plaintiff is entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50), whichever is greater, or both such actions.

174.    Plaintiffs demand the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf, and on the behalf of the FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e) An injunction against Corporate Defendant, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due to Plaintiffs and the Collective Action members

plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g) An award of wages kicked back to Defendants by Plaintiffs in violation of NYLL § 198-b.

h) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

i) Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

j) Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

k) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

l) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m) The cost and disbursements of this action;

n) An award of prejudgment and post-judgment fees;

o) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
May 19, 2017

TROY LAW, PLLC
*Attorneys for the Plaintiffs, the proposed FLSA Collective, and potential Rule 23 Class*

  /s/ John Troy
John Troy (JT0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Email: johntroy@troypllc.com